UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ALBERT LEE GARRETT, JR.,

                    Petitioner,

                                        Case No. 1:20-cv-742

v.

                                        Honorable Paul L. Maloney

KIM L. WORTHY,

                    Respondent.

_____/

## **OPINION AND ORDER**

        This is an action brought by a state prisoner, Albert Lee Garrett, Jr., seeking a permanent injunction against the Wayne County Prosecutor, precluding her from applying the juvenile penalty statute, Mich. Comp. Laws § 769.25a, because it is unconstitutional. Mr. Garrett's motion is not expressly brought under 42 U.S.C. § 1983 as a civil rights action, nor is it expressly brought under 28 U.S.C. § 2254 as a habeas corpus petition. The Clerk docketed the filing under "Nature of Suit" code 550, Prisoner: Civil Rights.

        For the reasons set forth below, however, the Court will direct the Clerk to correct the docket to show Mr. Garrett's motion as a habeas corpus petition filed under 28 U.S.C. § 2254.[1]

---

[1] The Court notes, for Mr. Garrett's benefit, that continuing this matter as a prisoner civil rights actions is not feasible either legally or practically. First, legally, Mr. Garrett's motion challenges the fact and duration of his confinement. The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). If this action were to proceed as a civil rights action under § 1983, it would be properly dismissed under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action, as a § 1983 action would be barred under *Heck* until his criminal conviction or sentence had been invalidated. And, second, practically, if Mr. Garrett were to continue this action as a complaint under 42 U.S.C. § 1983, he would have to pay the entire

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, Mr. Garrett's motion is wholly duplicative of a habeas petition already pending, but stayed, in this court: *Garrett v. Davids*, No. 1:20-cv-552 (W.D. Mich.).

<u>Discussion</u>

## I.    Factual allegations

Petitioner Albert Lee Garrett, Jr. is incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility (ICF) in Ionia County, Michigan. Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of first-degree murder, in violation of Mich. Comp. L. § 750.316, assault with intent to commit murder, in violation of 750.83, and possession of a firearm during the commission of a felony (felony firearm), in violation of Mich. Comp. L. § 750.227b. On December 17, 1980, the court sentenced Petitioner to life imprisonment for the murder and assault convictions and 2 years for the felony firearm violation.[2]

---

filing fee because he is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915(g). *See, e.g., Garrett v. Johnson et al.*, No. 2:20-cv-30 (W.D. Mich. May 5, 2010).

[2] Information regarding Petitioner's convictions and sentences is taken from the Michigan Department of Corrections' Offender Tracking Information System (OTIS). *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdoc Number=162243 (visited August 21, 2020). OTIS reveals that Petitioner was also convicted of additional offenses. In a separate criminal proceeding in the Wayne County Circuit Court, Petitioner pleaded guilty to attempted breaking

On June 10, 2020, Petitioner filed a habeas corpus petition raising one ground for relief.[3]  Petitioner asks to be resentenced under the authority of *Miller v. Alabama*, 567 U.S. 460 (2012), as made retroactive by *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).  (Pet., ECF No.1, PageID.1-3.)

In *Miller*, 567 U.S. 460, the Supreme Court held that the Eighth Amendment prohibits a sentencing scheme that mandates life in prison without parole for juvenile offenders, concluding that such a scheme creates an unreasonable possibility of a disproportionate sentence. *Id*. at 479.  The Court reiterated its prior recognition that "children are constitutionally different from adults for sentencing purposes."  *Id*. at 471.  The Court highlighted children's "'lack of maturity,'" "'underdeveloped sense of responsibility,'" "'vulnerab[ity] . . . to negative influences and outside pressures,'" and recognized that they "lack the ability to extricate themselves from horrific, crime-producing settings." *Id*. (quoting *Roper*[*v. Simmons*], 543 U.S. [551,] 569 [(2005)] (holding that a person under 18 at the time of the crime may not be executed)).  In addition, the *Miller* Court repeated that, "because a child's character is not as 'well formed' as an adult's, his traits are 'less fixed' and his actions are less likely to be 'evidence of irretrievabl[e] deprav[ity].'" *Id*. (quoting *Roper*, 543 U.S. at 570).  The Court therefore instructed that, before sentencing a

---

and entering of a building, in violation of Mich. Comp. L. § 750.110.  At the same time Petitioner was sentenced for the murder, he was sentenced on the breaking and entering conviction to a sentence of 1 to 5 years.  Petitioner was discharged from that sentence on November 20, 1984.  In addition, while in prison, Petitioner committed additional crimes.  Following a Jackson County Circuit Court jury's determination of Petitioner's guilt, that court sentenced Petitioner to 3 to 5 years' imprisonment for possessing a weapon, in violation of Mich. Comp. L. § 800.2834, and 6 years, 6 months to 10 years' imprisonment for assault with intent to do great bodily harm (AGBH), in violation of Mich. Comp. L. § 750.84.  Those sentences are, presumably, to be served consecutively to Petitioner's life sentences.

[3] Mr. Garrett questioned the Court's characterization of his submission as a habeas petition.  He claimed that the motion simply asked the Court to compel the state court to resentence him because his sentence was unconstitutional.  For the same reason the instant motion is properly construed as a habeas petition, Mr. Garrett's initial motion was as well.  The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition.  *Preiser*, 411 U.S. at 499.  The relief Petitioner seeks by way of his motion is ultimately release from custody.  "The Supreme Court has held that release from confinement . . . is 'the heart of habeas corpus.'"  *Wilson v. Williams,* 961 F.3d 829, 868 (6th Cir. 2020) (quoting *Preiser*, 411 U.S. at 498).

person who was a juvenile at the time of the offense to life imprisonment without parole, the sentencing court must consider "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id*. at 480. Subsequently, in *Montgomery*, 136 S. Ct. at 718, the Supreme Court held that *Miller* announced a new substantive constitutional rule that was retroactive on state collateral review. *Id*. at 735-36.

After *Miller*, but before *Montgomery*, the Michigan Legislature enacted Mich. Comp. L. §§ 769.25 and 769.25a. In the former section, the legislature set forth a procedure for courts and prosecutors to follow in cases that were not yet final when the act became effective on March 4, 2014, if the prosecutor sought a sentence of life imprisonment without the possibility of parole for a criminal defendant who was less than 18 years of age at the time he or she committed the offense. In the latter section, the legislature anticipated the possibility that *Miller* would be applied retroactively. In that circumstance, the statute requires the prosecutor, within 30 days, to provide a list of names to the chief circuit judge of the circuit court of juvenile offenders who must be resentenced. Within 180 days, the prosecutor must file motions for resentencing in cases where the prosecutor intended to request a sentence of life imprisonment without the possibility of parole. If the prosecutor does not seek life imprisonment without the possibility of parole, the statute directs the court to resentence the individual to a term of imprisonment with a minimum term of 25 to 40 years and a maximum term of 60 years.

According to OTIS, Petitioner was three months shy of his eighteenth birthday when he committed the murder that put him in prison for life without the possibility of parole. *Miller* and *Montgomery* require that he be resentenced. It appears the state statute also requires some action; yet, according to Petitioner, neither the prosecutor nor the trial court have acted. The

docket of the Wayne County Circuit Court shows that a motion was filed in Petitioner's case on June 3, 2020, but it is not apparent if the motion is Petitioner's or the prosecutor's.

Whatever the merit of the present motion—or the earlier one—it is apparent that they seek the same relief from the same Court. Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See*, *e.g.* *Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Considering the substantial identity between the legal claims, factual allegations, temporal circumstances and relief sought in the present complaint and the complaint in Case No. 2:07-cv-

63, I conclude that the present complaint is duplicative. Therefore, pursuant to the Court's inherent power, upon the review required by Rule 4, Rules Governing § 2254 Cases, this action will be dismissed on the grounds that it is duplicative and frivolous.

## II. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in

custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### <u>Conclusion</u>

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:   August 28, 2020                           /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge